IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51027
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MANUEL JOSE TARAZON-SILVA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CR-656-1
- - - - - - - - - -
December 16, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Manuel Jose Tarazon-Silva appeals from his conviction by conditional guilty plea of conspiracy to possess with intent to distribute cocaine.  Tarazon contends that the agents lacked probable cause to search the Pelhem Road residence and that the agents could not have relied in good faith on the warrant signed by the federal magistrate judge.  Tarazon contends that the dog-sniff inspection of the Pelhem Road residence violated the Fourth Amendment because it constituted an invasion of protected curtilage and that the inspection should have been excluded from

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the probable-cause calculus; that the affidavit lacked indicia of probable cause after redaction of the tainted material; and that the district court erred by finding that the agents relied in good faith on the warrant because the agent who prepared the affidavit deliberately omitted from the affidavit the facts that the dog-sniff occurred within protected curtilage and that the keys taken from Tarazon and Ricardo Belkotosky-Gutierrez were taken without their consent and because of the agents' discussions with Assistant United States Attorneys (AUSAs).[**]

The district court did not consider the keys taken from Tarazon and Belkotosky as part of the probable cause calculus. We therefore need not consider any representations made by the agent who prepared the affidavit regarding those keys.  The dog-sniff of the outer edge of the garage and the dryer vent on the exterior wall of the house did not occur on protected curtilage; Tarazon had no reasonable expectation of privacy in those areas. *See United States v. Dunn*, 480 U.S. 294, 300-01 (1987).  The agent who prepared the affidavit therefore made no deliberate omissions regarding curtilage in the affidavit supporting the search warrant.

The agents could have relied in good faith on the warrant signed by the magistrate judge.  *United States v. Leon*, 468 U.S. 897, 923 (1984).  We therefore need not address whether probable

---

[**] Tarazon did not raise the issue of the agents' conversations with the AUSAs in his initial appellate brief. Nor did the Government raise the issue.  We ordinarily will not consider an issue raised for the first time in a reply brief. *United States v. Hoster*, 988 F.2d 1374, 1383 (5th Cir. 1993).  We do not consider Tarazon's contention regarding the agents' conversations with the AUSAs.

cause existed for the search of the Pelhem residence.  *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129-30 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 71-72 (1997).

AFFIRMED.